IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KEVIN DONNELL MURPHY,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-01588-JRR |
| **MARY A. JACKSON,** *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION**

Pending now before the court are Defendants Mary A. Johnson[1] and United States Naval Research Laboratory's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 11; the "Motion") and *pro se* Plaintiff Keven Donnell Murphy's Motion for Summary Judgment (ECF No. 15). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.      BACKGROUND[2]**

Plaintiff commenced this action on June 3, 2024. (ECF No. 1.) In the Complaint, Plaintiff provides scant factual allegations. As far as the court can discern, Plaintiff's claims arise from the United States Naval Research Laboratory's (NRL) denial of Plaintiff's grant application. (ECF No. 1 at p. 10.)

Plaintiff, owner and CEO of Alkebulan Airlines Corporation, applied for a grant from NRL. (ECF No. 1 at p. 10.) On an unspecified date, NRL, through its representative Mary A.

---

[1] Plaintiff's Complaint lists Defendant's name as "Mary A. Jackson," however, Defendants indicate her correct name is "Mary A. Johnson." (ECF No. 11.) At ECF No. 13, Plaintiff requests to have the docket corrected to reflect Defendant's surname as Johnson. Accordingly, the court will refer to Defendant as Mary A. Johnson, and directs Madam Clerk to correct the docket reflecting the correct name.
[2] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Johnson, notified Plaintiff that his application for grant funding under "NRL BAA N00173-23-S-BA01" was rejected on the grounds that proposals were accepted by invitation only. *Id.* Plaintiff alleges he perceived the grant funding opportunity to be "unrestricted [] as stated in the grant paperwork." *Id.* Plaintiff avers that, given the terms of the paperwork, his rejection on the grounds that grant applications were invite-only constitutes "a breach of contract" and "potential violations of federal laws prohibiting discrimination in the allocation of federal funds." *Id.*

In the Complaint, Plaintiff alleges NRL and Ms. Johnson violated the Tucker Act (28 U.S.C. § 1491), Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d, *et seq.*); Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681, *et seq.*); the Administrative Procedure Act ("APA") (5 U.S.C. § 706); and the Federal Grant and Cooperative Agreement Act (31 U.S.C. §§ 6301–6308). (ECF No. 1 at p. 9; No. 1-4 at p. 1.)

On September 19, 2024, Defendants moved to dismiss the complaint or, alternatively, for summary judgment (ECF No. 19). Plaintiff opposed the Motion (ECF No. 14) and cross-moved for summary judgment (ECF No. 15).

## II.    LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(d)

Defendants bring their Motion as a motion to dismiss or, alternatively, for summary judgment. "A motion with this caption implicates the court's discretion under FED. R. CIV. P. 12(d)." *Hayes v. Maryland Transit Admin.*, 708 F. Supp. 3d 683, 688 (D. Md. 2023), *aff'd,* No. 24-1482, 2024 WL 4262786 (4th Cir. Sept. 23, 2024) (quoting *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022)). Federal Rule of Civil Procedure 12(d) provides in relevant part: "[i]f, on a motion under Rule 12(b)(6) . . . matters

outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

"A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it'"; such discretion "should be exercised with great caution and attention to the parties' procedural rights." *Sammons v. McCarthy*, 606 F. Supp. 3d 165, 193 (D. Md. 2022) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed. 2018)); *see Sol v. M&T Bank*, 713 F. Supp. 3d 89, 99–100 (D. Md. 2024) (same). "In general, courts are guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Sammons*, 606 F. Supp. 3d at 193 (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder v. Maryland Dep't of Transportation*, No. CV CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Where a movant expressly captions a motion as one for summary judgment "in the alternative," the non-movant is "on notice that this motion might be treated as one for summary judgment"; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Second,

3

customarily, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177.

"Generally, if a party believes that summary judgment is procedurally inappropriate because the party needs discovery to properly oppose the motion, the party should file a Rule 56(d) affidavit informing the court of such." *Sol*, 713 F. Supp. 3d at 100 (citing *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542–43 (D. Md. 2012)). Even where a party fails to file an affidavit, "a district court abuses its discretion by granting summary judgment when it otherwise has 'fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record.'" *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) (quoting *Pledger v. Lynch*, 5 F.4th 511, 526 (4th Cir. 2021)).

The nonmovant may not, however, "complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see Shaw*, 59 F.4th at 128 (same). A non-movant "may not demand discovery for discovery's sake; a Rule 56(d) request is properly denied 'where the additional evidence sought . . . would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" *Gardner v. United States*, 184 F. Supp. 3d 175, 181–82 (D. Md. 2016) (quoting *Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir. 1995)).

The first requirement is plainly met here because Plaintiff had notice that the Motion may be treated as a motion for summary judgment based on the caption of the Motion. *See Laughlin*, 149 F.3d at 260, *supra*. As to the second requirement, Plaintiff does not assert that discovery is needed or ask to be given a chance to pursue discovery; to the contrary, he moved for summary

judgment before discovery commenced. Nonetheless, the court will exercise its discretion, in view of Plaintiff's *pro se* status and the lack of discovery in this matter, and decline to convert the Motion into a motion for summary judgment.

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true,

5

must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### III.   ANALYSIS

#### A. Defendants' Motion

As discussed above, the court declines to convert the Motion to a motion for summary judgment and will assess the Motion under Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges six causes of action; the court addresses each in turn.

##### i.   *Tucker Act – 28 U.S.C. § 1491*

Plaintiff alleges that the Tucker Act "is relevant to the plaintiff's Keven Donnell Murphy claim for breach of contract against the Naval Research Laboratory (NRL) regarding the grant

funding opportunity." (ECF No. 1 at p. 9.) But Plaintiff includes no factual allegations or other language to explain this supposed relevance. Nonetheless, inasmuch as Plaintiff seeks relief under the Tucker Act, this court lacks subject matter jurisdiction over the claim.

"The Tucker Act grants jurisdiction to the United States Court of Federal Claims 'to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort.'" *Randall v. United States*, 95 F.3d 339, 346 (4th Cir. 1996) (quoting 28 U.S.C. § 1491). "Jurisdiction is exclusive in the Court of Federal Claims for claims over $10,000, while district courts have concurrent jurisdiction with the Court of Federal Claims for claims at or under $10,000." *Coleman v. Kendall*, 74 F.4th 610, 615 (4th Cir. 2023), *cert. denied,* 144 S. Ct. 818 (2024) (citing *Randall*, 95 F.3d at 347).

Plaintiff claims that the grant in question was in the amount of six million dollars. (ECF No. 1 at p. 10.) Accordingly, Plaintiff's Tucker Act claim will be dismissed for lack of subject matter jurisdiction.

### ii.   *Title VI of the Civil Rights Act – 42 U.S.C. § 2000d, et seq.*[3]

Plaintiff lists Title VI as the next federal statute at issue in his case. (ECF No. 1 at p. 9.) Plaintiff avers Title VI "is relevant to the plaintiff's claim of potential violations of federal anti-discrimination laws in grant funding" but neglects to state how. *Id*. Title VI prohibits discrimination based upon race, color, religion, or national origin in connection with programs and activities receiving federal financial assistance. 42 U.S.C. § 2000d, *et seq.* Plaintiff does not allege any instance of discrimination on account of a protected status, and does not allege he is protected

---

[3] The Motion erroneously argues that Plaintiff's Complaint includes a Title VII claim; it does not. Regardless, because the Complaint so plainly fails to state a claim under Title VI no matter how liberally the court construes the Complaint, the court invokes its authority to dismiss it *sua sponte*.

7

by any such status. Accordingly, Plaintiff fails to allege facts sufficient to state a claim under Title VI.

       *iii.*    *Section 504 of the Rehabilitation Act of 1973 – 29 U.S.C. § 794*

Plaintiff's third cause of action seeks redress for alleged violation of the Rehabilitation Act, which provides in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency[.]

29 U.S.C. § 794(a). In the Complaint, Plaintiff admits, "[w]hile the plaintiff has not specifically alleged disability discrimination, it may be relevant depending on the circumstances of the case." (ECF No. 1 at p. 9.) Plaintiff does not allege he has a disability or facts to suggest Defendants discriminated against him on the basis of a disability. Accordingly, Plaintiff fails to state a claim for relief under the Rehabilitation Act.

       *iv.*    *Title IX – 20 U.S.C. § 1681*

Regarding his Title IX claim, Plaintiff alleges: "This federal statute prohibits discrimination on the basis of sex in education programs receiving federal financial assistance. While the plaintiff has not specifically alleged sex discrimination, it may be relevant depending on the circumstances of the case." *Id*. Plaintiff correctly characterizes the gravamen of Title IX; it prohibits educational programs receiving federal financial assistance from discriminating on the basis of sex. 28 U.S.C. § 1681(a). Yet, as Plaintiff admits, he does not allege that NRL or Ms. Johnson discriminated against him on the basis of sex, and alleges no facts on which such a reasonable conclusion could be based. Accordingly, Plaintiff has failed to state a claim under Title IX.

> v.  *Administrative Procedure Act – 5 U.S.C. § 706*

Plaintiff next asserts that Defendants' denial of his grant application amounts to a violation of the APA. (ECF No. 1-4 at p. 1.) The APA instructs a reviewing court to hold unlawful and set aside final agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "A disputed action also may be set aside as arbitrary and capricious if the agency has acted 'without observance of procedure required by law.'" *Safari Club Int'l v. Zinke*, 878 F.3d 316, 325 (D.C. Cir. 2017) (first quoting 5 U.S.C. § 706(2)(D); then citing *Meister v. U.S. Dep't of Agric.*, 623 F.3d 363, 371 (6th Cir. 2010) (noting that "even in cases arising under § 706(2)(D), the arbitrary-and-capricious standard frequently governs.")); *see also Ctr. for Sci. in the Pub. Int. v. Perdue*, 438 F. Supp. 3d 546, 557 (D. Md. 2020) (same).

The APA waives the federal government's sovereign immunity to permit judicial review of agency action in limited circumstances. 5 U.S.C. § 705. Such review is available in suits brought by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" who seeks "relief other than money damages." *Id*. Importantly, judicial review is limited to "final agency action for which there is no other adequate remedy in a court." *Id*. § 704. "Because 'sovereign immunity is jurisdictional in nature,' finality under the APA is a jurisdictional requirement." *Jake's Fireworks Inc. v. United States Consumer Prod. Safety Comm'n*, 105 F.4th 627, 631 (4th Cir. 2024) (quoting *City of New York v. U.S. Dep't of Def.*, 913 F.3d 423, 430 (4th Cir. 2019)).

Agency action is "final" when two conditions are met: (1) "the action must mark the 'consummation' of the agency's decision making process—it must not be of a merely tentative or interlocutory nature," and (2) "the action must be one by which 'rights or obligations have been

determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (quoting *Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948), and *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatl.*, 400 U.S. 62, 71 (1970)); *see Biden v. Texas*, 597 U.S. 785, 808 (2022) (quoting *Bennett*, 520 U.S. at 178).

Plaintiff, in full, alleges Defendants violated the APA because "[t]he discrepancy in the NRL's grant process, initially presented as unrestricted and later specified as by invitation, can be contested under the APA, arguing that the NRL's conduct was misleading or not as public advertised." (ECF No. 1-4 at p. 9.) Plaintiff's Complaint explains that at the time he submitted his application, based on the grant paperwork, he "believe[d] it to be an unrestricted opportunity," however, when NRL rejected his submission, Defendant Johnson explained the rejection was because "proposals are accepted via invitation only." (ECF No. 1 at p. 10.)

Inasmuch as Plaintiff's APA claim is, as he states, based on alleged misleading agency conduct, or conduct in discord with the public notice, this court lacks jurisdiction over this claim. Generally misleading conduct is not a final agency action; misleading conduct, or Plaintiff's possible confusion about the application process, does not amount to the consummation of NRL's decision making process. *See City of New York*, 913 F.3d at 431 (explaining "Courts are well-suited to reviewing specific agency decisions, such as rulemakings, orders, or denials. We are woefully ill-suited, however, to adjudicate generalized grievances asking us to improve an agency's performance or operations.").

To the extent Plaintiff's challenge is to the denial of his application, he has not sufficiently alleged facts that, taken to be true, plausibly suggest the NRL acted contrary to procedure required by law or otherwise in an arbitrary or capricious manner. To survive an arbitrary and capricious challenge at the motion to dismiss stage, "the Complaint must make plausible that [the agency's]

funding decisions fell outside 'the bounds of reasoned decisionmaking.'" *People for the Ethical Treatment of Animals, Inc. v. Tabak*, 662 F. Supp. 3d 581, 593 (D. Md. 2023) (quoting *Balt. Gas and Elec. Co. v. NRDC*, 462 U.S. 87, 104 (1983)). Plaintiff must (and fails to) allege sufficient facts to suggest or reasonably conclude that the NRL "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). At bottom, even crediting his allegations as true, Plaintiff's allegations do not plausibly suggest the NRL acted arbitrarily or capriciously, or otherwise unlawfully. Plaintiff's APA claim will be dismissed.

      vi.      ***Federal Grant and Cooperative Agreement Act – 31 U.S.C. §§ 6301–6308***

Plaintiff next appears to allege that Defendants violated the Federal Grant and Cooperative Agreement Act ("FGCA"). (ECF No. 1-4 at p. 1.) The FGCA provides "criteria for executive agencies in selecting appropriate legal instruments to achieve – (a) uniformity in their use by executive agencies; (b) a clear definition of the relationships they reflect; (c) a better understanding of the responsibilities of the parties to them." 31 U.S.C. § 6301(2). Plaintiff avers "[i]f the NRL misrepresented the application process or failed to follow proper procedures as outlined in [the FGCA], such actions could form the basis of your claim, highlighting procedural issues of misrepresentations in the grant application process." (ECF No. 1-4 at p. 9.) The FGCA does not provide a cause of action for Plaintiff to hold Defendants liable. Even if it did, Plaintiff provides no factual assertions to support a claim under the FGCA; nor does he specify how Defendants allegedly violated same. Accordingly, Plaintiff's claim under the FGCA will be denied.

### *vii.   Additional Claims*

In the Complaint, Plaintiff states "[o]ther provisions of the United States Constitution, such as Equal Protection Clause of the Fourteenth Amendment, may also be implicated depending on the nature of the alleged discrimination and constitutional violations." (ECF No. 1 at p. 9.) Plaintiff's mention of numerous, unspecified Constitutional provisions that may be at issue fails to allege how Defendants supposedly violated same. Incantation of the Fourteenth Amendment, and the Constitution generally, fails to state a claim; Plaintiff fails to include factual allegations sufficient for this court to discern a claim.

### B.  Plaintiff's Motion for Summary Judgment

For the reasons set forth above, the court will grant Defendants' Motion to Dismiss and dismiss the entirety of the Complaint. Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 15) shall be denied as moot.

### IV.   **CONCLUSION**

For the reasons set forth herein, by separate order, the Defendant's Motion, construed as a motion to dismiss (ECF No. 11) shall be granted and Plaintiff's Motion for Summary Judgment (ECF No. 15) shall be denied as moot.

May 20, 2025                                                            /s/_____
                                                                                Julie R. Rubin
                                                                                United States District Judge