IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KEVIN DONNELL MURPHY,**

*Plaintiff*,

v.

**MARY A. JACKSON,** *et al.*,

*Defendants*.

Civil No.: 1:24-cv-01588-JRR

## MEMORANDUM OPINION AND ORDER

Pending before the court are *pro se* Plaintiff Kevin Donnell Murphy's Motion for Reconsideration (ECF No. 27; the "Motion") and Motion for Default Judgment (ECF No. 29). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).[1]

In his Motion, Plaintiff seeks reconsideration of this court's memorandum opinion and order issued May 20, 2025, dismissing his Complaint and denying his Motion for Summary judgment as moot. (ECF Nos. 24, 25.) Plaintiff additionally seeks default judgment against Defendants. (ECF No. 29.)

Plaintiff urges that dismissal of his Complaint without a hearing amounts to a violation of his due process rights. (ECF No. 27-1 at p. 2.) Per the Local Rules of this court, "Counsel may (but need not) file a request for a hearing. Unless otherwise ordered by the Court, however, all motions shall be decided on the memoranda without a hearing." Local Rule 105.6 (D. Md. 2025). The two cases Plaintiff cites are inapposite and do not stand for the principal that a plaintiff in

---

[1] The court notes Plaintiff has filed a notice of appeal of the instant action (ECF No. 32) after the filing of the instant Motion. Given the relief sought, and that the court will deny the Motion, the court is satisfied of its jurisdiction to address the Motion while the appeal is pending." *See* FED. R. APP. P. 4(a)(4); *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 781 F. Supp. 3d 380, 384 (D. Md. 2025) (noting that the district court had jurisdiction to rule on plaintiffs' Rule 59 motion and was required to rule on same to end the period in which the notice of appeal had been "suspended" by plaintiffs' filing of their Rule 59 motion).

federal court is entitled to a hearing on a motion to dismiss or motion for summary judgment; indeed, such entitlement does not exist. The court carefully considered all papers and issued its memorandum opinion at ECF No. 24 and accompanying order at ECF No. 25. A lack of hearing is not grounds for reconsideration.

Plaintiff next argues that dismissal of his summary judgment as moot was improper. (ECF No. 27-1 at pp. 2–3.) As the court explained in its memorandum opinion at ECF No. 24, Plaintiff's Complaint failed to state a claim upon which relief may be granted. Accepting as true all allegations in the Complaint and drawing all reasonable inferences in Plaintiff's favor, the court determined that Plaintiff could not meet his burden on any of his claims; therefore, the court granted Defendants' Motion to Dismiss. Accordingly, the court denied Plaintiff's Motion for Summary Judgment as moot. In other words, because the court found that Plaintiff could not succeed on his claims, Plaintiff also could not succeed on his Motion for Summary Judgment. Nothing in the motion for reconsideration persuades this court that it improperly dismissed the Complaint or erroneously denied Plaintiff's Motion for Summary Judgment.

Finally, Plaintiff seeks default judgment because Defendants did not file an answer to the Complaint. ECF No. 27-1 at p. 4; *see also* ECF No. 29. Defendants, however, timely responded to the Complaint by filing the Motion to Dismiss at ECF No. 11. Defendants, therefore, complied with the Federal Rules of Civil Procedure and never "failed to plead or otherwise defend" as required for entry of default. FED. R. CIV. P. 55(a). Entry of default (and default judgment) is thus inappropriate at this juncture.

Plaintiff fails to assert any meritorious grounds for reconsideration. "The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change

in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 745 (D. Md. 2022) (citing cases).  A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997)).  "[T]he prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 746 (D. Md. 2022) (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)).  "In other words, the Court's previous judgment must be 'dead wrong.'" *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A motion under Rule 59(e) is similarly "not authorized to enable a party to complete presenting his case after the court has ruled against him." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)).  Indeed, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted).

As described above, Plaintiff's asserted grounds for reconsideration are unavailing.  Plaintiff presents no intervening change of law, new evidence, or manifest injustice that warrants reconsideration of the court's challenged memorandum opinion and order.  Moreover, to the extent Plaintiff suggests that Defendants' counsel engaged in "misconduct by failing to file a timely

answer; waiting to raise a mootness defense until default was imminent; submitting no affidavits or declarations to support factual claims; [and/or] attempting to characterize Plaintiff's filings excessive without merit-based rebuttal," the court identifies no misconduct by Defendants' counsel and no reason to revisit its earlier ruling on the grounds of the alleged misconduct. (ECF No. 29-1 at p. 2.)

For the reasons set forth above, it is this 2nd day of October 2025:

**ORDERED** that the Motion (ECF No. 27) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the Motion for Default Judgment (ECF No. 29) shall be, and is hereby, **DENIED.**

/S/

Julie R. Rubin
United States District Judge